UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THEODORE W. MISLIN, Sr. and
BARBARA A. MISLIN, individually and as
Co-Administrators of the Estate of
Theodore W. Mislin, Jr.,

                  Plaintiffs,

  v.

CITY OF TONAWANDA SCHOOL DISTRICT,
BOARD OF EDUCATION OF CITY OF TONAWANDA
SCHOOL DISTRICT, ANDREW FREEDMAN and
DIANA D. GREENE, individually and in their
official capacities,[1]

                 Defendants.

**ORDER**
02-CV-273S

      1.      Oral argument on Defendants' Motions for Summary Judgment (Docket Nos. 100 and 104) was scheduled to take place before this Court on Monday, May 1, 2006, at 2:00 p.m.  Upon review of the motion papers, this Court determined that this case is not in a proper posture, such that oral argument would be meaningful.  Accordingly, by separate order, this Court cancelled the scheduled oral argument and indicated that this Order would follow.  (Docket No. 125.)

      2.      In this Court's view, several issues need to be addressed by the parties to ready this case for argument.  This Court will therefore direct the filing of supplemental submissions.  Further clarification of the issues identified below will benefit not only this Court, but also the parties in that the issues for argument and resolution will be narrowed and more clearly identified.

---

[1]Defendants Patrick J. Slavin and Larry Badgley were voluntarily dismissed from this action on September 29, 2003.  (Docket No. 56.)

3.      First, it appears that Plaintiffs have withdrawn or abandoned their race-based causes of action and theories.   This conclusion is reached based on the Plaintiffs' responding papers.  It appears that Plaintiffs have changed their Fourteenth Amendment theory from selective treatment based on race (reverse racial discrimination) to selective treatment based on Freedman's malicious or bad faith attempt to injure Ted Mislin, Jr. (Plaintiffs' Memorandum of Law, p. 2.)   Moreover, Plaintiffs have not responded to Defendants' arguments concerning dismissal of all race-based claims and theories.  As such, it appears to this Court that the third, fourth and fifth causes of action may be deemed withdrawn or abandoned, and that a race-based theory is no longer applicable to the Equal Protection claim brought pursuant to § 1983 in the first cause of action. Likewise, Plaintiffs have not addressed Defendants' argument that the claim for punitive damages should be dismissed.   Plaintiffs shall address each of these issues in a supplemental submission.

4.      Second, assuming that Plaintiffs now intend to pursue their Fourteenth Amendment claim based upon Freedman's malicious or bad faith attempt to injure Ted Mislin, Jr., there is an issue as to whether they should be permitted to do so.  Defendants argue in their reply briefs that they will be prejudiced if Plaintiffs are permitted to raise this theory at this point in the litigation because the Amended Complaint does not assert any claims based on this theory and no discovery was taken relative to this type of claim.

Indeed, Plaintiffs' Amended Complaint clearly identifies their Fourteenth Amendment claim as "aris[ing] from the intentional reverse race discrimination and deliberate indifference to the racially hostile environment perpetrated against Mislin, Jr." (Amended Complaint, ¶ 31.)   Moreover, this Court also treated Plaintiffs' Fourteenth

Amendment claim as one asserting selective treatment based on race in its decision on the previously filed Motions to Dismiss.  (Docket No. 44, p. 10-12.)

Plaintiffs have not had the opportunity to respond to Defendants' arguments that a selective treatment theory premised on malicious or bad faith attempt to injure should be precluded because it was not previously raised.  Plaintiffs shall therefore address this issue in their supplemental submission.

5.      Third, Defendants Greene and Freedman have argued that they are entitled to qualified immunity.   In part, qualified immunity is available as a defense if the constitutional rights allegedly violated were not clearly identified or established.  See Warren v. Keane, 196 F.3d 330, 332 (2d Cir. 1999).  There appears to be some confusion regarding the nature of rights that are alleged to have been violated.  Defendant Greene identifies the right as "a constitutional right to remain in class uninterrupted."  (Defendant Green's Memorandum of Law, p. 13.)   The rights are also described as perhaps encompassing a right not to record a student interview.  (Defendant Greene's Reply Memorandum of Law, p. 7.)  There is additionally some suggestion that the right protects against "acrimonious questioning" in a school interview.  (Plaintiffs' Memorandum of Law, p. 26.)  Plaintiffs shall identify the specific rights that they allege were violated within the Fourth and Fourteenth Amendments to enable this Court to conduct the necessary qualified immunity analysis.

6.      Finally, this Court is in receipt of a letter request from Plaintiffs seeking leave to file a sur-reply to address arguments raised for the first time in Defendants' reply papers. While as a rule this Court does not accept such letter requests, it will make an exception this one time given the unusual posture of this case.  Plaintiffs may include in their

supplemental submission the arguments they intended to raise in their sur-reply. Defendants will be permitted the opportunity to respond.

IT HEREBY IS ORDERED, that Plaintiffs shall file a submission discussing all of the issues identified above on or before Monday, May 8, 2006.

FURTHER, that Defendants' shall file a response thereto on or before Monday, May 15, 2006.

FURTHER, that counsel for the parties shall appear before this Court on Wednesday, May 24, 2006, at 2:00 p.m. in Part IV, United States Courthouse, 68 Court Street, Buffalo, New York, for oral argument on Defendants' Motions for Summary Judgment (Docket Nos. 100 and 104).

SO ORDERED.

Dated:   May 1, 2006
      Buffalo, New York

                             /s/William M. Skretny
                             WILLIAM M. SKRETNY
                             United States District Judge